UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK S. HUBBARD,               )
                               )
            Petitioner,        )
                               )
      v.                       )          No. 4:08CV1505 HEA
                               )
STEVE LARKINS,                 )
                               )
            Respondent.        )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Upon review of the allegations, the Court has

determined that petitioner is not entitled to relief. The petition will, therefore, be

dismissed.

### Background

Petitioner, Mark S. Hubbard, is incarcerated at the Eastern Reception and

Diagnostic Correctional Center in Bonne Terre, Missouri. He was convicted of

first-degree murder, first-degree assault, and two counts of armed criminal action.

Petitioner waived his right to a jury trial and, after a bench trial, the court found him

guilty on all counts. He was sentenced to life without the possibility of parole for the

murder charge, and to three concurrent life sentences for the remaining counts.

The evidence at trial showed that on the morning of July 1, 2002, petitioner stabbed Kenneth and Mary Denoyer. The victims were the parents of petitioner's then-girlfriend, Tammy Shepard. Petitioner entered the Shepard residence at approximately 6:30 a.m. Ms. Denoyer greeted petitioner in the living room and walked to the bathroom, where Mr. Denoyer was shaving, to tell him petitioner wanted to speak with him. Shortly after, petitioner followed Mr. Dennoyer into the bathroom and stabbed him several times. Mr. Denoyer yelled for help and as he re-entered the living room he found Ms. Denoyer, stabbed, sitting in an armchair.

As a result of the stab wounds to her neck and abdomen, Ms. Denoyer died. Mr. Denoyer survived the attack; however, he received multiple stab wounds to the lungs, had to have his spleen removed, and suffered a heart attack during the attack.

Shortly after the police arrived at the scene, they discovered petitioner's location and arrested him. Prior to being advised of his *Miranda* rights, petitioner made a statement to the police apologizing for stabbing the Denoyers and cited a "love triangle" with Tammy Shepard as the reason for his actions. After the police advised him of his *Miranda* rights, petitioner waived them and admitted to stabbing the victims and cited paranoia as the reason for his actions.

During the bench trial, petitioner–with the assistance of his attorneys, Brad Kessler and Daniel Diemer–relied on a defense of not guilty by reason of insanity.

Defense counsel presented expert testimony of Dr. Scott to support their defense. Dr. Scott testified that petitioner did not appreciate the nature, quality and wrongfulness of his conduct as a result of his paranoid delusions. Dr. Scott's opinion was based largely on petitioner's inability to determine a rational motive for his crimes.

The trial court determined that petitioner made a submissible case of an insanity defense, but ultimately disagreed with Dr. Scott's determination that petitioner was unable to appreciate the wrongfulness of his conduct. The court found that petitioner both knew and appreciated what he was doing at the time of the offense, as shown by his various admissions.

Following the trial, petitioner filed a direct appeal. On June 23, 2005, the Missouri Court of Appeals affirmed the judgment, sentence and issued the mandate, rendering the appeal complete and final. Petitioner did not file a motion for rehearing or transfer with the Missouri Court of Appeals. Petitioner filed a *pro se* Missouri Rule 29.15 motion for post-conviction relief on September 20, 2005, which the motion court denied without an evidentiary hearing. The denial of motion without hearing was affirmed by the Missouri Court of Appeals on June 29, 2007.

## Timeliness of Petition

As an initial matter, respondent asserts that the petition was not timely filed. Petitioner concedes that his petition was untimely; however, he argues that he is entitled to equitable tolling.

Title 28 U.S.C. § 2244(d) provides for a one-year statute of limitations, which begins to run when the state court judgment becomes final by the conclusion of direct review, or when the time for seeking such review expires, whichever is later.

Where a prisoner appeals his conviction, and following affirmance of his conviction does not file for rehearing or transfer with the Missouri Court of Appeals, the statute of limitations begins either fifteen days after the Missouri Court of Appeals issues its opinion or when the mandate is issued, whichever is later. *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008) (en banc). The statute of limitations is tolled while state post-conviction proceedings are pending. *Id.* And where a petitioner appeals the denial of his motion for post-conviction relief, the statute of limitations begins to run again when the Missouri Court of Appeals issues its mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

However, previous to its decision in *Riddle*, the United States Court of Appeals for the Eighth Circuit held that a judgment was final, for AEDPA statute of

limitations purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the ninety days for filing a petition for a writ of certiorari with the United States Supreme Court. *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). The *Nichols* opinion allowed Missouri prisoners to include the ninety-day period for filing a petition for writ of certiorari regardless of whether they had filed a motion to transfer with the Missouri Supreme Court. *Id.*

In this case, and under *Riddle*, petitioner's statute of limitations began to run on June 23, 2005, the date which the Court of Appeals affirmed judgment and issued the mandate, rendering his appeal complete and final. The limitations period then ran for 89 days until petitioner filed his *pro se* Missouri Rule 29.15 motion for post-conviction relief on September 20, 2005. On June 29, 2007, the Missouri Court of Appeals affirmed the denial of post-conviction relief and the judgment and sentence. On November 5, 2007, the appellate court issued its mandate and the statute limitations period began to run again. On September 30, 2008–exactly 330 days later–petitioner filed his petition for writ of habeas corpus. Thus, exactly 418 days of untolled time elapsed before he filed his petition.

Under *Nichols*, however, which was the controlling law at the time petitioner initially filed for post-conviction relief, the statute of limitations would not have

began to run until 90 days after the Missouri Court of Appeals affirmed his

conviction on June 23, 2005, i.e., September 21, 2005. Under *Nichols*, the

limitations period would not have began to run prior to the filing of the *pro se* Rule

29.16 motion, which was docketed on September 20, 2005.

The *Riddle* decision, however, overruled *Nichols* and determined that the

United States Supreme Court cannot have jurisdiction to review a criminal

defendant's case if he or she does not seek review by the state supreme court.

*Riddle,* 532 F.3d at 855.  Furthermore, and poignantly relevant here for petitioner,

*Riddle* held that a Missouri defendant who does not file a motion for rehearing or

transfer is not entitled to a 90-day tolling period during which a petition for

certiorari could have been filed. *Id.*

Petitioner contends he is entitled to equitable tolling and the benefit of the 90-

day grace period afforded to litigants prior to the *Riddle* decision.  "Generally, a

litigant seeking equitable tolling bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way."  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

In regard to the first element, the Court finds that petitioner has been

diligently pursuing his rights.  Petitioner's counsel provided several letters of

correspondence in Exhibit M, illustrating petitioner's ongoing discussions with his

post-conviction relief counsel. *See* Petitioner's Exh. M [Doc. No. 21]. These letters demonstrate Hubbard's diligence in the continued pursuit of his rights. Regarding the second element, the *Riddle* court also noted that, "[t]he abrogation of an *en banc* precedent is an extraordinary circumstance, external to [the petitioner] and not attributable to him." Thus, petitioner is entitled to equitable tolling and the Court finds that Hubbard's petition was timely filed.

## Grounds for Relief

Trial counsel were ineffective for failing to research the not guilty by reason of insanity and diminished capacity defenses under Missouri law. Petitioner contends that counsels' ineffective assistance so infected the trial process as to severely prejudice petitioner and undermine the outcome of the trial.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. §2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

Petitioner's grounds for relief are based on ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  In this context, however, demonstrating

deficient and prejudicial conduct is not enough.  To prevail on an ineffective

assistance of counsel claim in a § 2254 case, a petitioner

> must do more than show that he would have satisfied *Strickland's* test
> if his claim were being analyzed in the first instance, because under
> § 2254(d)(1), it is not enough to convince a federal habeas court that,
> in its independent judgment, the state-court decision applied *Strickland*
> incorrectly.  Rather, he must show that the [state court] applied
> *Strickland* to the facts of his case in an objectively unreasonable
> manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

The basis of the first part of petitioner's claim is that trial counsels' failure to

research applicable law was unreasonable under the prevailing professional norms,

and their treatment of the expert witness was unreasonable under prevailing

professional standards. Petitioner's claim is based on counsels' presentation of the

not guilty by reason of insanity defense–his sole defense. Further, petitioner offers

general defense counsel responsibilities under the Missouri State Public Defender

Guidelines for Representation, and American Bar Association Criminal Justice

Section standards attorneys are to use when presenting a defense of mental

nonresponsibility.

Under Missouri Revised Statute § 552.030 (2001), trial counsel were

required to show that at the time of the offense, "as a result of mental disease or

defect," he was "incapable of knowing and appreciating the nature , quality, or

wrongfulness"of his conduct. Petitioner argues that counsels were ineffective because they presented arguments and evidence that he actually knew of the wrongfulness of his conduct but was incapable of appreciating it.

The Missouri Court of Appeals applied the *Strickland* standard in rejecting this claim.

> Perhaps Dr. Scott might have testified more effectively, and perhaps trial counsel could have examined him in a fashion that might have given him more credibility with the trial court. The Constitution does not guarantee a defendant the assistance of perfect counsel or best counsel available. Assuming *arguendo* that trial counsel's mistake as to the requirements of pleading and proving an insanity defense did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, Movant has not pleaded facts unrefuted by the record that show that he was prejudiced by this allegedly deficient performance. As the motion court found, the trial court found that Movant had made a submissible case for an insanity defense and would have submitted an instruction on that defense to a jury if this had been a jury-tried case. Based on the other evidence in the record, the trial court found that Movant knew and appreciated the nature and quality of his actions in stabbing his girlfriend's parents, which killed one of them.
>
> As for the contention that trial counsel was ineffective for offering an expert witness who did not know the correct legal elements of an insanity defense, Dr. Scott was selected by the trial court to examine Movant. The record reflects that Dr. Scott has previously testified regarding criminal responsibility and his reports and evaluations admitted into evidence in many cases, including a number in which the insanity defense was asserted successfully. Further, as noted above the trial court found that Dr. Scott's testimony and records established a *prima facie* defense of insanity; based on other evidence, the trial court concluded that Movant knew and appreciated his actions. Movant was not prejudiced, and therefore cannot prevail on an ineffective assistance of counsel claim.

Resp. Exh. J. at 4-5 (citations ommitted).

The state courts did not apply *Strickland* to the facts of this case in an objectively unreasonable manner. The motion court and the appellate court properly examined the issue and held that counsels' presentation of the not guilty by reason of insanity defense was not ineffective and, in fact, made a submissible case that would have been submitted to the jury for an instruction had this been a jury trial. The state courts reasonably concluded that petitioner had failed to demonstrate the requirements under *Strickland*. As a result, the Court finds that petitioner is not entitled to relief based on these claims in his petition.

The second part of petitioner's claim is that counsels' ineffective assistance prejudiced petitioner. He contends that he was prejudiced as a result of repudiation of Dr. Scott's testimony, the lack of other witnesses and from the failure to present a diminished capacity defense. Prejudice exists only when there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time,

the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury."

Here, counsels' handling of Dr.Scott's testimony and their decision not to present other witnesses or defenses goes to their trial strategy. Petitioner contends that the alleged confusion of counsel's understanding of the not guilty by reason of insanity undermined the credibility of all of Dr. Scott's testimony. The Court disagrees. As the appellate court pointed out, despite the confusion regarding their defense, the trial court still found that Dr. Scott's testimony–and counsels' presentation of their evidence–established a *prima facie* defense of insanity.

The state courts reasonably applied *Strickland* to this claim. The courts properly examined the issue of prejudice against the backdrop of the evidence that had been presented against petitioner and reasonably concluded that petitioner had failed to demonstrate *Strickland* prejudice. As a result, this Court finds that petitioner is not entitled to relief.

## Conclusion

Petitioner is not entitled to federal habeas relief. Moreover, petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 4th  day of March, 2010.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE